**Mark A. PORCELLO and Lorie T. Porcello, husband and wife, Plaintiffs–Appellants,**

v.

**ALLSTATE INS. CO., a foreign corporation, Defendant–Appellee.**

**No. 99–35518.**

**D.C. No. CV–98–01731–BJR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2001.

Decided Feb. 23, 2001.

Before McKEOWN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Mark and Lorie Porcello appeal the district court's order granting summary judgment in favor of Allstate Insurance Company. The Porcellos brought suit against Allstate, claiming that Allstate breached its obligations under their homeowners insurance policy ("Policy") by denying their claim. The Porcellos also asserted various noncontractual claims. On Allstate's motion for summary judgment, the district court held that the Porcellos breached their duty of cooperation under the Policy as a matter of law and dismissed the case in its entirety. We review a grant of summary judgment de novo, *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000), and we affirm.

The Policy required the Porcellos to cooperate with Allstate's investigation of their claim. Under Washington law, an

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

insured's conduct under a cooperation clause is measured by substantial compliance. *See Pilgrim v. State Farm Fire & Cas. Ins. Co.*, 89 Wash.App. 712, 950 P.2d 479, 483 (Wash.Ct.App.1997). Even absent substantial compliance, however, an insurer is not discharged from the obligation to pay on a valid claim unless it has been prejudiced. *Tran v. State Farm Fire & Cas. Co.*, 136 Wash.2d 214, 961 P.2d 358, 365 (Wash.1998) (en banc); *Northwest Prosthetic & Orthotic Clinic, Inc. v. Centennial Ins. Co.*, 100 Wash.App. 546, 997 P.2d 972, 973 (Wash.Ct.App.2000). The insurer has the burden of establishing the absence of cooperation and that it suffered prejudice. *Tran*, 961 P.2d at 365; *Pilgrim*, 950 P.2d at 483.

■ Allstate has met its burden. Although the Porcellos produced a significant volume of documents and submitted to depositions, they failed to produce *any* documents with respect to several material categories of information, despite Allstate's repeated requests, nor did Mr. Porcello authorize Allstate to obtain the information directly from third parties. Allstate needed the information to complete its investigation of the Porcellos' claim. As a matter of law, the Porcellos failed to substantially comply with their duty to cooperate, causing Allstate to suffer prejudice. *See Tran*, 961 P.2d at 359–60 ("an insurer suffers prejudice, as a matter of law, when its insured fails to provide it with the financial records it reasonably needs in order to complete an investigation into the question of whether the insured's claim was fraudulent"); *Pilgrim*, 950 P.2d at 486 (finding prejudice as a matter of law, noting that, "[w]ithout access to financial documents, State Farm could not evaluate the validity of the Pilgrims' claim").

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

■ Although an insured may bring noncontractual claims against its insurer even when properly denied coverage, *see Coventry Assocs. v. Am. States Ins. Co.*, 136 Wash.2d 269, 961 P.2d 933, 940 (Wash. 1998), we agree with the district court that the record here does not support the Porcellos' noncontractual claims. As a consequence, we need not address Allstate's remaining arguments.

AFFIRMED.